UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

HEALTH RESEARCHTX, LLC,

Plaintiff,

-against-

JANSSEN SCIENTIFIC AFFAIRS, LLC,

Defendant.

Case No. 1:26-cv-04409-DLC

**~~[PROPOSED]~~ PROTECTIVE ORDER**

Plaintiff Health ResearchTx, LLC ("Plaintiff" or "HRTx") and Defendant Janssen Scientific Affairs, LLC ("Defendant" or "Janssen"; collectively with HRTx, "the Parties"; and each, a "Party") in this action seek entry of an Order under Federal Rule of Civil Procedure 26(c) and other applicable laws and rules to facilitate the orderly and efficient disclosure of relevant information, to minimize the potential for unauthorized disclosure of Confidential Material, and to obtain other relief agreed to by the Parties and set out in this Order.

Therefore, the Parties having stipulated, the Court, for good cause shown, hereby ORDERS:

1. **Scope.**

   a. This Protective Order governs all Confidential Material, including "Confidential Material—Attorney Eyes Only," designated pursuant to this Order.

      i. "Confidential Material" means any hardcopy or electronic document, information, testimony (*i.e.*, depositions, declarations, or other pre-trial statements in this Proceeding), and all copies, data, extracts, compilations, summaries, reports, and information obtained, derived, or generated from such material that the party designating the material as confidential ("Designating Party") reasonably believes to be entitled to confidential treatment under Federal Rules of Civil Procedure 26(c)(1)(G) or other applicable laws or regulations. Confidential Material includes, but is not limited to, trade secrets (as defined in the Uniform Trade Secrets Act); other confidential research, development, or commercial information; all information that, if disclosed, could result in competitive, commercial, or business harm; and any person's personal identifying information, financial

information, medical/insurance information, or other information that is private under applicable laws or regulations.

ii. "Confidential Material—Attorney Eyes Only" means Confidential Material that the Designating Party reasonably believes to contain highly confidential information the disclosure of which would cause the Designating Party serious competitive and commercial harm. Unless otherwise specified, provisions in this

Case 1:26-cv-04409-DLC Document 53 Filed 09/02/26 Page 3 of 23

Order regarding "Confidential Material" shall also encompass "Confidential Material—Attorney Eyes Only."

b. This Order is binding upon all current and future Parties in this action (including their respective corporate parents, subsidiaries, affiliates, successors, and attorneys and all other representatives or agents), their counsel, and all signatories to Exhibit A, the Non-Disclosure Agreement (deemed to be part of this Order), and all other persons or entities authorized under this Order or any other Order of this Court to receive or view Confidential Material.

c. The entry of this Order does not preclude any Party in this action from seeking further order of this Court, including modification of this Order, or from objecting to discovery that the Party believes to be improper.

d. Nothing herein shall be construed as an admission or concession by a Designating Party that any Confidential Material constitutes relevant, material, or admissible evidence in this matter.

2. **Designation of Confidential Material; Failure to Make Designations.**

a. Documents Produced in Image, PDF, or hardcopy form ("Image"). Documents designated by a Party or non-party as Confidential Material or Confidential Material—Attorney's Eyes Only will be stamped "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEY'S EYES ONLY," respectively. The stamp shall not obscure any content of the original document. Any person making a copy of the image, if authorized under this Order, shall ensure that the same stamp shows on the copy.

b. Documents Produced in Native Format ("Native File"). A Designating Party shall rename each native file to include, at the end of the file name and prior to the file extension, the following language: CONFIDENTIAL or CONFIDENTIAL—ATTORNEY EYES ONLY. Any person making any copy of the native file, if authorized under this Order, shall not rename the file.

c. Deposition Testimony and Exhibits.

i. A party may designate deposition exhibits or portions of deposition transcripts as Confidential Material either by: (i) indicating on the record during the deposition that a question calls for Confidential Material, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Material Governed by Protective Order;" or (ii) notifying the

Case 1:26-cv-04409-DLC Document 53 Filed 09/02/26 Page 4 of 23

reporter and all counsel of record, in writing, within 30 calendar days after the witness' (or witness' counsel's) receipt of the final deposition transcript, of the specific pages and lines of the transcript that are to be designated "Confidential Material," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the party making the production (the "Producing Party") or that person's counsel. During the 30-day period following receipt of the transcript by the witness, all Parties will treat the entire deposition transcript as if it had been designated "Confidential Material." Thereafter, the transcript, or portions of transcripts, or exhibits designated as Confidential Material shall remain subject to this Order. In addition, no further actions need be taken regarding any exhibit previously designated as Confidential Material.

ii. Confidential Material designated before or at a deposition shall not be shown to a witness who is not a Qualified Person as described below, and persons attending the deposition who are not Qualified Persons may be excluded from the portions of the deposition during which Confidential Material is disclosed.

Case 1:26-cv-04409-DLC Document 53 Filed 09/02/26 Page 5 of 23

d. Written Discovery Papers.

   i. A party may designate as Confidential Material portions of written discovery papers (requests and responses).

   ii. A Party preparing such written papers should designate portions as Confidential Material when the papers are served. If feasible, the Confidential Material shall be bound separately from material not entitled to protection.

   iii. A party receiving such written papers shall make designations within 30 days after service of the papers.

e. Pleadings and Motion Papers to Be Filed.

   i. A Party may designate as Confidential portions of pleadings and motion papers (briefs, affidavits).

   ii. Pleadings and motion papers to be filed with the Court that include information designated as Confidential are subject to additional procedures under this Order, as discussed in subparagraphs (h)(i) and (ii) below.

f. Other Confidential Material. For Confidential Material in a form not addressed above, the Designating Party shall affix in a prominent place on the exterior of the items the legend "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEY EYES ONLY." If feasible, the legend shall identify the portions constituting Confidential Materials.

g. Confidential Material Disclosed by a Non-Party.

   i. For 30 days after a non-party makes disclosures in this proceeding, the entire disclosure shall be treated as Confidential Material under this Order.

   iii. Within the 30-day period, the non-party or a Party in this action may notify all other Parties that all or specific portions of the disclosure are Confidential Material. Thereafter, the designated portions shall remain subject to this Order.

h. Disclosure of Confidential Material Without Confidential Designation.

Case 1:26-cv-04409-DLC Document 53 Filed 09/02/26 Page 6 of 23

i. Disclosure of Confidential Material without designating it as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEY EYES ONLY shall not be a waiver in whole or in part of either Party's right to designate such document or information as Confidential Material, either as to the specific Confidential Material disclosed or as to the same or related subject matter. This paragraph and its subparts shall be interpreted to provide the maximum confidentiality protection allowed under applicable law

ii. After discovering a failure to make a confidentiality designation, the Disclosing Party may give written notice that the material is Confidential Material. Receiving Parties then shall treat the material as confidential until the parties agree otherwise, or the Court resolves the issue. The Disclosing Party may reproduce the material with the appropriate confidentiality legend, and each Receiving Party then shall return or destroy all copies of the identified material, including that held by persons to whom the Party distributed the material.

iii. If any previously-undesignated Confidential Material was disclosed by a Producing Party in any manner other than that authorized by this Order prior to the notice described in the subparagraph above, the party in receipt of the Confidential Material (the "Receiving Party") shall identify to the Producing Party known facts and

Case 1:26-cv-04409-DLC Document 53 Filed 09/02/26 Page 7 of 23

circumstances related to such disclosure and, to the extent practicable, make reasonable efforts to facilitate the return or destruction of the Confidential Material.

3. **Required Handling of Confidential Material.**

a. All Qualified Data Storage Persons shall employ industry-standard data-security practices to protect Confidential Material, including those required by the Department of Justice's Data Security Program (DSP) and one or more third-party industry-standard security frameworks such as ISO (International Standards Organization), NIST (National Institutes of Standards and Technology), CIS (Center for Internet Security), or HITRUST, and shall provide proof of current certifications of compliance for one or more of these frameworks upon request or in the event of a breach, if available.

b. Industry-standard data-security practices required by the Department of Justice and third-party industry-standard security frameworks include but are not limited to:

i. Encryption of Confidential Material wherever stored and whenever communicated between parties, or between a Party or its counsel and any third parties retained to assist in this Action;

ii. Access Controls, including role-based access controls limiting access to Confidential Material to only those who need to know and prohibiting access to all others (including any "country of concern" or "covered persons" as defined by the DSP), "strong"

Case 1:26-cv-04409-DLC Document 53 Filed 09/02/26 Page 8 of 23

password security (as understood in the data-security industry), and multi-factor authentication;

iii. Malware protection;

iv. Asset management of current and historical inventories of hardware and software used to receive, store, manage, and transmit Confidential Material;

v. Internal controls concerning copying of confidential materials (*e.g.*, access restrictions concerning ability to copy confidential materials onto DVDs, portable hard drives, or other tangible items.);

vi. Ongoing periodic training of persons with access to Confidential Material;

vii. Maintenance of cyber and privacy liability insurance.

c. Should Confidential Material be hacked, or its data-security otherwise breached, the Receiving Party shall immediately notify the Designating Party in writing of all relevant facts, including identification of all potentially accessed Confidential Material and remedial measures taken, and shall be prepared to identify in writing the security measures and infrastructure employed to protect the Confidential Material.

d. Nothing in this Order shall limit any Designating Party's use of its own documents, including disclosure of its own Confidential Material to any person for any purpose.

e. Transcription and Recording. A certified court reporter shall record and transcribe all deposition proceedings and testimony with "real time feed" capabilities. Transcripts and exhibits containing confidential information shall be stored and transmitted using a methodology that is SOC 2 Type 2 and ISO 27001 compliant (*e.g.*, secure transfer and enterprise e-mail communications). The court reporter shall administer the oath or affirmation to the deponent. A written transcript by the court reporter shall constitute the official record of the deposition for purposes of Fed. R. Civ. P. 30(e) and similar state court rules addressing filing, retention, certification, and the like.

4. **Qualified Persons With respect to Confidential Material.** Subject to Paragraph 3 above, Confidential Material (as distinct from Confidential Material—Attorney Eyes Only, covered in Paragraph 5 below) may be disclosed only to the following Qualified Persons:

Case 1:26-cv-04409-DLC Document 53 Filed 09/02/26 Page 9 of 23

a. All Parties in this Action, including employees, directors, officers, or managers of the Parties who are assisting with or making decisions concerning this action, but only to the extent deemed reasonably necessary by counsel of record for the purpose of assisting in the prosecution or defense of the action, and only if such employee, director, officer, or manager has signed a copy of Exhibit A and provided it to the Designating Party;

b. The Parties' counsel, including counsel's partners, employees, and agents (*e.g.*, outside copy services, litigation-support services, and stenographers) retained in the Action;

c. Consultants (i.e., experts or professionals whom counsel has retained to provide professional advice or services to assist in preparation for the trial of the Action, whether or not designated as a testifying expert, including the support staff of such experts or professionals), but only if (1) the Consultant has first signed a copy of Exhibit A, (2) the Consultant is not a competitor of the Designating Party, and (3) Counsel for the Party retaining the Consultant, after duly diligent inquiry, does not know of any instance in which the Consultant has been found to be in violation of the terms of a protective order in any legal proceeding;

Case 1:26-cv-04409-DLC Document 53 Filed 09/02/26 Page 10 of 23

i. Unless otherwise specified, if any Party desires to disclose Confidential Material to any Consultant pursuant to Paragraph 4(c) above, it must first identify in writing to the Outside Counsel for the Designating Party each such Consultant. Outside Counsel for the Designating Party shall have three (3) business days from receipt of such to notice to object in writing, and with an explanation of the basis for the objection, to the disclosure of Confidential Material to any Consultant so identified. Any Party that fails to object in writing with an explanation of the basis for the objection within three (3) business days of receiving such notice shall be deemed to have waived such objection and the Parties shall be deemed to have agreed upon disclosure to the Consultant. The Parties shall then have three (3) business days after an objection is raised to use good faith efforts to reach an agreement regarding the proposed disclosure to the Consultant, during which period of time disclosure may not be made absent an agreement. If agreement cannot be reached, the Party objecting to disclosure may apply to the Court for relief within three (3) business days after it is determined that an agreement cannot be reached. The burden shall be on the objecting Party to show the Court good cause why the disclosure should not be made. In the event an application is made to the Court, however, the materials will continue to be treated as Confidential Material in accordance with this Confidentiality Order during the time the Court considers the application and will not be disclosed to the Consultant. No Confidential Material may be disclosed to any proposed Consultant until such time as the Parties are deemed to have agreed upon disclosure to the Consultant for the purposes of Paragraphs 4(c).

ii. In the case of an Consultant pursuant to Paragraph 4(c) above, at the time the identity of the Consultant discussed in Paragraph 4(c) above is disclosed, the following shall also be furnished in writing to the Outside Counsel for the Designating Party before any Consultant is afforded access to another Party's Confidential Material: (1) a current resumé or curriculum vitae; (2) a list of any known consulting relationships that the Consultant has had with any Party to this action within the last five (5) years (excluding non-testifying litigation consulting, the existence of which is protected by attorney work product immunity); (3) a list of cases in which he or she has testified as a consultant at trial or deposition within the last four (4) years; and (4) a copy of the Endorsement of Confidentiality Order attached hereto as Exhibit "A" signed by the Consultant. Parties can begin disclosing Consultant as soon as this Confidentiality Order is signed by the Parties.

d. A person identified in the Confidential Material as an author, source, addressee, or recipient of the material or who already has a copy of it;

Case 1:26-cv-04409-DLC Document 53 Filed 09/02/26 Page 11 of 23

e. Trial witnesses and deposition witnesses who are competent to testify concerning the contents of the Confidential Material, but only if that person has signed a copy of Exhibit A and provided it to the Designating Party;

f. Any other person mutually agreed upon among the Parties, but only if that person has signed a copy of Exhibit A and provided it to the Designating Party;

g. Any mediators or arbitrators selected to assist in resolution of this matter, and their personnel actively engaged in assisting them, if they have signed a copy of Exhibit A; and

h. The Court or any Court personnel, including any court reporters.

5. **Qualified Persons With respect to Confidential Material—Attorney Eyes Only**. Subject to Paragraph 3 above, Confidential Material—Attorney Eyes Only may be disclosed only to the following Qualified Persons:

a. Counsel of record in this action, including counsel's partners, employees, and agents (*e.g.*, outside copy services, litigation-support services, and stenographers) retained in the Action;

b. For each corporate Party, up to two in-house counsel representing the party in this proceeding, provided that each has signed a copy of Exhibit A and provided it to the Designating Party, or such in-house counsel's successor(s);

Case 1:26-cv-04409-DLC Document 53 Filed 09/02/26 Page 12 of 23

i. Outside Counsel for the Designating Party has had a period of three (3) business days from receipt of such to notice to object in writing, and with an explanation of the basis for the objection, to the disclosure of Confidential Material—Attorney Eyes Only to the individual Party so identified. Any Party that fails to object in writing with an explanation of the basis for the objection within three (3) business days of receiving such notice shall be deemed to have waived such objection and the Parties shall be deemed to have agreed upon disclosure to the individual Party. The Parties shall then have three (3) business days after an objection is raised to use good faith efforts to reach an agreement regarding the proposed disclosure to the individual Party, during which period of time disclosure may not be made absent an agreement. If agreement cannot be reached, the individual Party may apply to the Court for relief within three (3) business days after it is determined that an agreement cannot be reached. The burden shall be on the individual Party to show the Court good cause why the disclosure of Confidential Material—Attorney Eyes Only should be made. In the event an application is made to the Court, however, the materials will continue to be treated as Confidential Material—Attorney Eyes Only in accordance with this Confidentiality Order during the time the Court considers the application and will not be disclosed to the individual Party. No Confidential Material—Attorney Eyes Only may be disclosed to the individual Party until such time as the Parties are deemed to have agreed upon disclosure;

c. The Qualified Persons described in Paragraphs 4.c, 4.d, 4.f, 4.g, and 4.h above.

6. <u>Challenges to Designations</u>.

a. If a Party challenges a designation, counsel shall make a good faith effort to resolve the dispute. In the absence of a resolution, the challenging Party may seek resolution by the Court pursuant to Rule 2.C of United States District Judge Denise Cote's Individual Practices in Civil Cases. The challenged material shall be treated as Confidential Material pending the resolution of any such dispute.

b. To challenge confidentiality designations, a Party shall identify in writing the specific Confidential Material (by Bates number, if possible) to which each challenge pertains, and the specific bases for each challenge. After receiving the challenges, the Designating Party shall have seven (7) days to state in writing whether the designations will be maintained or withdrawn. If the Parties cannot resolve all disputes after meeting and conferring, the challenging Party may seek resolution by the Court as described above.

Case 1:26-cv-04409-DLC Document 53 Filed 09/02/26 Page 13 of 23

7. **Use of Confidential Material in Court Prior to Trial.**

a. No Party may file with the Court Confidential Material of any other Party except when required for motions or other pending matters in the Action.

b. The Party seeking to file Confidential Material shall first meet and confer with the Designating Party to identify procedures, consistent with applicable court requirements, for filing Confidential Material with the Court.

8. **Orders, Subpoenas, or Requests from Non-Parties**. If a person or entity serves a Party in this action with a request, subpoena, or order ("demand") for disclosure of Confidential Material of a Designating Party, the Party receiving the demand, if not prohibited under applicable law and within 48 hours of receipt, shall deliver a copy of the demand to the Designating Party's counsel. The Party shall not disclose any Confidential Material prior to the date specified for disclosure. In its sole discretion and at its own cost, the Designating Party may oppose or seek to limit the demand in any legal manner. The Party who received the demand shall not oppose or otherwise interfere with the Designating Party's actions.

9. **Redactions**.

a. Prior to any discovery-related disclosure or production, the Producing Party may redact information or material that is protected from disclosure by applicable privilege or immunity (*see* Exhibit B of this Order), that is governed by any applicable privacy law or regulation, that contains commercially sensitive or proprietary non-responsive information, or that any Order entered in this Action allows to be redacted. The Producing Party also may withhold entire non-responsive attachments in a document family and may produce slipsheets in their place.

b. Methods of Redaction.

i. Each redaction in a TIFF-image shall be indicated clearly on the image as being based on "Privilege" or "Other."

ii. For native files requiring redaction, redacted text shall be replaced with the terms "Privilege" or "Other," and the Producing Party shall produce the redacted file either in native format or in an authorized TIFF-image format.

iii. For metadata fields requiring redaction, field content shall be replaced by the term "Redacted," and the modified field shall be included in any required .dat file.

Case 1:26-cv-04409-DLC Document 53 Filed 09/02/26 Page 14 of 23

c. The terms of ¶ 2.g above (Confidential Material) and of Exhibit B, ¶ 3 (privileged information) shall apply to any unintentional failure to redact information.

**10. Disposition of Confidential Material.**

a. After final disposition of any appeals or after the time for filing any appeal has passed, each Party in the action promptly shall return to the Designating Party its Confidential Material (including on any litigation-support application or in the possession, custody, or control of any person to whom the Party distributed Confidential Material), shall destroy it, or otherwise shall comply with an applicable order of the Court. Within 30 days of any such action, the Party shall certify in writing to the Designating Party that the required return or destruction has been completed.

b. As exceptions to the above requirements,

i. Counsel may retain Confidential Material in copies of pleadings, motions, or other court-filed papers, in official transcripts and exhibits thereto, in any expert and/or consultant report together with exhibits thereto, and in attorney work product, including counsels' email, together with any attachments thereto, and document management systems. Counsel shall continue to treat all such materials as Confidential Material pursuant to the requirements of this Order.

ii. Confidential Material stored on backup storage media is sequestered. If such data is restored from backup media, the Receiving Party or its agent must promptly return or destroy the restored Confidential Material and provide the certification required in ¶ a above.

iii. This Order shall continue to apply to any such materials retained by counsel.

**11. Use in Artificial Intelligence and Machine Learning Systems.**

Case 1:26-cv-04409-DLC Document 53 Filed 09/02/26 Page 15 of 23

a. Discovery Material shall not be used, directly or indirectly, to train, fine-tune, or otherwise develop any machine learning or artificial intelligence ("AI") model except where such model is developed and used solely for this case or any related appellate proceeding. Discovery Material shall not be submitted, uploaded, or otherwise provided to any AI or machine learning service—whether public, commercial, or third-party—if such submission would result in use, access, or disclosure of the Protected Material in a manner inconsistent with this Order. Specifically, use of any AI or machine learning service that retains data for model training, including training of public or generally available models, or that otherwise uses or stores data in a manner inconsistent with this Order is prohibited. Any models trained on Discovery Material must be destroyed in the same manner as Discovery Material.

b. If a requesting party seeks to use AI tools, outside counsel and opposing counsel have a duty to protect Discovery Material pursuant to ethics rules and the requirements of this order. Third-party providers may only be used if counsel for both sides are reasonably confident that the confidential character of the Discovery Material will be respected and protected by the service provider. The requesting party's provider must provide sufficient evidence to support a third-party provider is protecting and segregating Discovery Material and is complying with SOC 2 and ISO 27001 data security requirements.

12. **Third-Party Litigation Funding**. Funders of litigation are unauthorized parties and shall be prohibited access to, and denied copies of, any confidential, proprietary, and sensitive commercial information produced in this action through litigation discovery. The term "funders or litigation" shall be applied broadly and include any entity or individual engaged in the business of litigation funding, their employees, counsel, consultants, and other agents, whether foreign or domestic. Parties will comply with the Department of Justice, National Security Division's Foreign Agents Registration Act, and/or the Data Security Program as may be applicable.

13. **Order Survives Termination of Action**. After the termination of this Action by entry of a final judgment, settlement or order of dismissal (including without limitation any appeals and after the time for filing all appellate proceedings has passed), the provisions of this Confidentiality Order shall continue to be binding. This Confidentiality Order is, and shall be deemed to be, an enforceable agreement between the Parties, their agents, and their attorneys. The Parties agree that the terms of this Confidentiality Order shall be interpreted and enforced by this Court.

So ordered.
Denise Cote
9/3/26

Case 1:26-cv-04409-DLC Document 53 Filed 09/02/26 Page 16 of 23

Dated: September 2, 2026

Respectfully Submitted,

**DUANE MORRIS LLP**

By: */s/ Deanna J. Lucci*

Deanna J. Lucci

Jillian Dreusike

22 Vanderbilt

335 Madison Avenue, 23rd Floor

New York, NY 10017-4669

Telephone: (212) 471-1806

Facsimile: (619) 923-2957

Email: DJLucci@duanemorris.com

JDreusike@duanemorris.com

Lawrence H. Pockers*

Seth H. Dawicki*

30 South 17th Street

Philadelphia, PA 19103

Telephone: (215) 979-1000

Facsimile: (215) 979-1020

Email: LHPockers@duanemorris.com

SDawicki@duanemorris.com

* admitted *pro hac vice*

*Attorneys for Plaintiff Health ResearchTx, LLC*

Case 1:26-cv-04409-DLC Document 53 Filed 09/02/26 Page 17 of 23

**PATTERSON BELKNAP WEBB & TYLER LLP**

By: */s/ Eric Beinhorn*

Andrew D. Cohen
acohen@pbwt.com

Michael Buchanan
mfbuchanan@pbwt.com
Eric Beinhorn
ebeinhorn@pbwt.com
Erika K. Birk
ebirk@pbwt.com

1133 Avenue of the Americas
New York, New York 10036

Telephone: 212.336.2000

Facsimile: 212.336.2222

*Attorneys for Janssen Scientific Affairs, LLC*

Case 1:26-cv-04409-DLC Document 53 Filed 09/02/26 Page 18 of 23



| | | |
|---|---|---|
| ------------------------------------------------------------ | X | |
| HEALTH RESEARCHTX, LLC | : | |
| Plaintiffs, | : | |
| | : | **ENDORSEMENT OF PROTECTIVE ORDER** |
| -against- | : | |
| JANSSEN SCIENTIFIC AFFAIRS, LLC | : | |
| Defendants. | : | |
| ------------------------------------------------------------ | X | |

**EXHIBIT A**

I hereby attest that I understand that information or documents designated as Confidential Material are provided to me subject to the Order dated _______, 2026 (the "Order"), in the above-captioned litigation ("Litigation"); that I have been given a copy of and have read the Order; and that I agree to be bound by its terms. I also understand that my signature below indicates my agreement to be bound by the Order and is a prerequisite to my review of any information or documents designated as Confidential Material pursuant to the Order.

I certify that I am not a competitor of the Designating Party.

I further agree that I shall not use Confidential Material for any purpose other than as authorized in the Order and that, except as explicitly authorized in the Order, I shall not disclose Confidential Material, in any form whatsoever, to others.

I further agree to return or destroy Confidential Material in my possession, custody, or control in the manner and time specified by the Order.

I further agree and attest to my understanding that my obligation to honor the confidentiality of such Confidential Material will continue even after this Litigation concludes.

I further agree and attest to my understanding that, if I fail to abide by the terms of the Order, I may be subject to sanctions, including contempt of court, for such failure. I agree to be subject to the jurisdiction of the above-identified Court for the purposes of any proceedings relating to enforcement of the Order. I further agree to be bound by and to comply with the terms

of the Order as soon as I sign this Agreement, regardless of whether the Order has been entered by the Court.

Date: ______________________________

By: ____________________________________________________________

**Exhibit B—Privileged Information**

This Exhibit is Exhibit B to the Protective Order entered in Health ResearchTx, LLC v. Janssen Scientific Affairs, LLC, No. 1:26-cv-04409-DLC (S.D.N.Y.) and shall be deemed to be incorporated in the Order as if set forth there in full.

1. General Principles.

   a. A party may withhold from production information or documents on the grounds of attorney-client privilege, physician-patient privilege, work product protection, or any other applicable privilege or protection under law or regulation ("Privileged Information").

   b. The party asserting a privilege for material shall provide privilege log(s) explicitly identifying the privilege asserted for the material and containing information sufficient to enable the opposing party to assess the applicability of the privilege. Fed. R. Civ. P. 26(b)(5).

      i. A privilege log should "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." *Id.* Rule 26(b)(5)(A)(ii).

      ii. "The rule does not attempt to define for each case what information must be provided when a party asserts a claim of privilege or work product protection. Details concerning time, persons, general subject matter, etc., may be appropriate if only a few items are withheld, but may be unduly burdensome when voluminous documents are claimed to be privileged or protected, particularly if the items can be described by categories." Committee Note on Rule 26(b)(5), 1993 Comments.

2. Disclosed Privileged Information.

   a. The Parties have agreed that, in this lawsuit, they do not intend to disclose Privileged Information. Pursuant to Federal Rule of Evidence 502(d) and 28 U.S. Code § 1738, any disclosure, whether inadvertent or otherwise, of Privileged Information ("Disclosed Privileged Information") shall not constitute in this or any other action a waiver or forfeiture of any privilege otherwise attaching to the Disclosed Privileged Information and its subject matter.

b. **Rule 502(b)**. Federal Rule of Evidence ("FRE") 502(b) is inapplicable to Disclosed Privileged Information, which shall receive the maximum protection afforded by FRE 502(d). Under FRE 502(d) and 28 U.S. Code § 1738, this Order shall be enforceable and granted full faith and credit in all other state and federal proceedings. Any subsequent conflict of law analysis shall apply the law most protective of privilege and work product.

c. Nothing in this order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the Producing Party that such materials have been produced.

d. Any party receiving materials that reasonably appear to be Privileged Information shall not copy, distribute, or otherwise use such materials in any manner and shall provide prompt notice to the Producing Party to afford an opportunity to request the destruction of the materials.

e. If the Producing Party or Non-Party produces information, which it asserts is protected by the attorney-client privilege or work product doctrine and was produced, without intending to waive a claim of privilege, it shall notify the Requesting Party of its claim of privilege (a "Clawback Notice").

f. After providing the Clawback Notice, the Producing Party shall provide (i) if only a portion of the document contains privileged material, a new copy of the document utilizing the same Bates number(s) as the original that has been redacted to protect the Privileged Material; or (ii) if the entire document constitutes privileged material, a slipsheet identifying the same Bates number(s) as the original, noting that the document has been withheld. Any privileged material that is the subject of a Clawback Notice will be included on a privilege log if and as required by the privilege-logging procedure agreed to by the Parties or ordered by the Court.

Case 1:26-cv-04409-DLC Document 53 Filed 09/02/26 Page 22 of 23



g. Within ten (10) court days of receipt of a Clawback Notice (regardless of whether the Receiving Party agreed to or plans to challenge the Producing Party's privilege claim), the Receiving Party, including its vendors, consultants, Experts, and agents, must promptly destroy the Privileged Material and all copies thereof (the "Clawed-Back Material") and sequester any work product (such as notes) that reproduce, copy, are derived from, or otherwise disclose the substance of the Privileged Material ("Sequestered Work Product") and certify to the Producing Party when this return and destruction and sequestration is complete. If the Receiving Party does not challenge the Producing Party's Clawback Notice within 14 calendar days of receipt, the Receiving Party shall promptly destroy any Sequestered Work Product and certify to the Producing Party when this destruction is complete. If the Receiving Party raises a challenge within 14 calendar days of receiving the Clawback Notice, the Receiving Party shall be permitted to continue to sequester (rather than destroy) the Sequestered Work Product throughout the meet and confer process. If a Producing Party notifies the Receiving Party that Privileged Information has been disclosed,

h. No Party to this litigation thereafter shall assert that such disclosure alone waived any privilege or protection. Absent court order or agreement of the Parties to the contrary, no use shall be made of such documents during deposition, at trial, or in any filing or motion, nor shall they be shown to anyone who was not given access to them prior to the request to destroy them;

i. The Receiving Party shall instruct all persons to whom the Receiving Party has disseminated the Disclosed Privileged Information that such information is subject to this Order and may not be copied, distributed, or otherwise used; and

j. The Receiving Party and all persons notified as set out in the preceding subparagraph shall, within ten (10) court days,

   i. destroy or delete all Disclosed Privileged Information and all notes or other work product revealing its content in the possession, custody, or control of the Receiving Party, its attorneys, or any person to whom the Party provided the Disclosed Privileged Information, and

   ii. provide a certification of counsel that all Disclosed Privileged Information has been destroyed or deleted.

k. For purposes of this Order, Disclosed Privileged Information that is not reasonably accessible under Federal Rules of Civil Procedure 26(b)(2)(B) because stored by the Receiving Party on backup storage media is deemed to be sequestered. Should such data be retrieved, the Receiving Party must promptly take steps to delete the restored Disclosed Privileged Information.

l. To contest the claim of attorney-client privilege or work product protection, the Receiving Party may—within five (5) business days of receipt of the notice of disclosure—move the Court for an Order compelling production of the contested material ("Disclosure Motion").

m. The Producing Party shall retain the burden of establishing its privilege or work product claims.

n. The motion shall be filed or lodged conditionally under seal; any Disclosed Privileged Information attached to or disclosed in the motion shall be deemed submitted solely for the Court's *in camera* review.

o. The motion shall not assert as a ground for entry of such an Order the fact or circumstances of the production of Disclosed Privileged Information.

p. Pending resolution of the motion, the Receiving Party must not use the contested information in any way or disclose it to any person other than those required by law to be served with a copy of the sealed motion.

3. Disclosure of Confidential Information.

a. The failure of a party or person to designate a document as Confidential or Highly Confidential at the time of production shall not be deemed a waiver of the protections afforded by this Order, either as to specific information in the document or as to any other information relating thereto or on the same or related subject matter.