UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------X

HEALTH RESEARCHTX, LLC,

Plaintiff,

-v-

JANSSEN SCIENTIFIC AFFAIRS, LLC,

Defendant.

---------------------------------------X

26cv4409 (DLC)

MEMORANDUM OPINION & ORDER

DENISE COTE, District Judge:

Plaintiff Health ResearchTx, LLC ("HRTx") filed the complaint in this action on May 27, 2026. Defendant Janssen Scientific Affairs, LLC ("Janssen") moved to dismiss the complaint pursuant to Rule 12(b)(6), Fed. R. Evid., on June 23. An Order of June 24 gave HRTx the opportunity to amend its complaint in response to the motion, cautioning that "[i]t is unlikely that plaintiff will have a further opportunity to amend." HRTx chose to oppose the motion on July 14 in lieu of amendment. The motion to dismiss became fully submitted on July 28.

An initial pretrial conference was held on July 30. A Pretrial Scheduling Order of the same date set the schedule governing further pretrial proceedings in this case, including a deadline of August 21 to amend the pleadings.

An Opinion of September 16, 2026 granted in part Janssen's motion to dismiss the complaint. Health ResearchTx, LLC v. Janssen Sci. Affs., LLC, No. 26-CV-4409 (DLC), 2026 WL 2740156 (S.D.N.Y. Sept. 16, 2026) ("September 16 Opinion"). On September 30, HRTx filed a motion for clarification, reconsideration, and leave to amend the complaint. Janssen opposed the motion, which became fully submitted on October 8.

Three holdings in the September 16 Opinion are relevant to the instant motion. First, the Opinion held that the complaint stated a claim for breach of contract based on Janssen's failure to pay HRTx for work that HRTx completed in 2023, as well as any "milestones" that HRTx achieved in 2024 before Janssen terminated the Agreement. Id. at *4. Second, the Opinion held that the complaint failed to state a claim for unpaid "deliverables" in 2024 because it did not allege that Janssen "accepted" any of HRTx's deliverables as required under the Agreement to trigger Janssen's obligations to pay. Id. at *5. And third, the Opinion held that the complaint failed to state a claim for payment for the "work that HRTx would have completed over the remaining duration of the Study" in the amount of $19 million less avoided costs. Id. The Opinion did not rule one way or the other on whether the complaint stated a claim for $3 million -- the termination fee owed to HRTx under § 2.4.1 of the Agreement if HRTx chose to terminate for any reason other than

HRTx's breach and the FDA had not accepted Janssen's post-marketing requirement obligation -- because that claim did not appear in the complaint.[1]

In its September 30 motion, HRTx requests that the Court "clarify" that HRTx has stated a claim for expectation damages in the amount of $3 million. HRTx also requests that the Court reconsider its ruling dismissing any claim for unpaid "deliverables" in 2024. Alternatively, HRTx requests leave to amend its complaint to state both claims.

The standard for granting a motion for reconsideration is "strict." Cho v. Blackberry Ltd., 991 F.3d 155, 170 (2d Cir. 2021) (citation omitted). A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." Analytical Survs., Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted). "Unlike a motion for reconsideration, a motion for clarification is 'not intended to alter or change a cou[r]t's order, but merely to resolve alleged ambiguities in the order." Honeybee Robotics LLC v. Ensign-Bickford Aerospace & Def. Co.,

[1] The Opinion also denied HRTx's request for leave to amend the complaint, in part because HRTx did not attach a proposed amended complaint or otherwise describe how it would cure any defect in the complaint. Id. at *7. HRTx attached a proposed amended complaint to the instant motion.

No. 24-CV-2426 (JPO), 2026 WL 82452, at *2 (S.D.N.Y. Jan. 12, 2026) (citation omitted).

HRTx has identified no reason for the Court to reconsider the September 16 Opinion, nor any ambiguity requiring clarification. The September 16 Opinion unambiguously ruled on the claims raised in HRTx's complaint, which did not include a claim for $3 million nor any allegation that Janssen "accepted" HRTx's 2024 deliverables.

Generally, when a party seeks the court's leave to amend its pleading, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). When a scheduling order has specified a deadline for amending the pleading, however, it "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Where, as here, a scheduling order governs amendments to the complaint, . . . the lenient standard under Rule 15(a) . . . must be balanced against the requirement under Rule 16(b) that the Court's scheduling order shall not be modified except upon a showing of good cause." Holmes v. Grubman, 568 F.3d 329, 334-35 (2d Cir. 2009) (citation omitted). "[T]he primary consideration is whether the moving party can demonstrate diligence." Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 244 (2d Cir. 2007). The district court may also consider "whether allowing the amendment

of the pleading at this stage of the litigation will prejudice defendants." Id.

HRTx's motion was filed just two weeks after the September 16 Opinion, which was issued less than a month after the original deadline to amend. The amendments continue to center on whether Janssen properly terminated the Agreement and the amounts that remain due to HRTx despite the termination. Given the preference for resolving disputes on the merits, HRTx will be given another opportunity to amend its complaint.

Janssen's arguments against the proposed amendments are unavailing. Janssen first argues that HRTx waived its right to amend when it made a deliberate choice to seek $19 million in expectation damages instead of the $3 million early termination fee. This argument has some force. The tactical decisions made by HRTx have burdened the Court and the parties. Nonetheless, given the fact that the litigation remains in its initial stages, HRTx's earlier waiver of its opportunity to amend will not defeat its current application.

Next, Janssen contends that any claim for unpaid "deliverables" in 2024 must be dismissed because HRTx did not plead in its complaint that Janssen had "accepted" those deliverables, which the parties' Agreement required to be done before the right to payment accrued. HRTx's proposed amendment, however, adds an allegation that Janssen tacitly accepted HRTx's

2024 deliverables by failing to object to them. This addition does not read Janssen's acceptance rights out of the Agreement. Accordingly, it is hereby

ORDERED that HRTx's request to amend the complaint is granted.

Dated: New York, New York
November 6, 2026

DENISE COTE
United States District Judge